UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY J. JUTTE,<br><br>     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>     Defendant. | CASE NO. 2:15-cv-0906 MJP JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: January 15, 2016 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 14, 15, 16).

After considering and reviewing the record, the Court agrees with the Commissioner that the case should be reversed and remanded for further proceedings.

Despite the long history of this case, the record does not support a direct award of benefits.

## BACKGROUND

Plaintiff, AMY J. JUTTE, was born in 1972 and was 37 years old on the amended alleged date of disability onset of January 21, 2010 (*see* AR. 141-43, 145-46, 748). Plaintiff completed high school, one and a half years of community college, and one year of dental technical school (AR. 1162).  Plaintiff has some work experience as a fast food cook, assistant manager in retail store, delivery driver, janitorial work, childcare and dental assistant (AR. 231-254).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative joint disease, bilateral knees; history of fibromyalgia; history of carpal tunnel syndrome; bipolar disorder; personality disorder; pain disorder; panic disorder without agoraphobia (20 CFR 404.1520(c) and 416.920(c))" (AR. 721).

At the time of the hearing, plaintiff was living alone in subsidized housing (AR. 752-53).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 65-71, 72-80, 81-88, 89-98). Administrative Law Judge Glenn G. Meyers ("the ALJ") found Plaintiff not disabled after a hearing on September 2, 2011 (AR. 7-27). After appeal to this Court, the case was reversed and

remanded for further proceedings, including reassessment of medical opinion evidence, Plaintiff's credibility, and the residual functional capacity ("RFC"), and examination of whether Plaintiff's impairments meet or equal a Listed impairment (AR. 870). Plaintiff's second hearing following this remand from this Court was held once again before ALJ Meyers on December 9, 2014 (*see* AR. 741-97). On February 26, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 715-40).

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2015 (*see* Dkts. 1, 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on August 21, 2015 (*see* Dkt. 9).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the Administrative Law Judge ("ALJ") properly evaluated opinion evidence and developed a residual functional capacity ("RFC") which is free of legal error; (2) Whether the ALJ properly found plaintiff not credible; and (3) Whether or not the ALJ's errors support remand for an immediate award of benefits (*see* Dkt. 14, p. 1).

Defendant concedes that the ALJ made prejudicial errors warranting remand, and moves the Court for remand for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) (*see* Dkt. 15, p. 1). Plaintiff contests, requesting remand for award of benefits (*see* Dkt. 14, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether this matter should be reversed and remanded for further administrative proceedings or reversed and remanded with a direction to award benefits.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292). After determining the ALJ made a harmful legal error, the Court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" *Dominguez v. Colvin*, No. 13-17380, 2015 WL 8600040, at *3 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc.*

*Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Here, the record is not free from conflicts and outstanding issues must be resolved. *See id*.

As the Commissioner concedes, the ALJ gave significant weight to the opinions of reviewing physicians, Drs. Gardner and Nelson, but omitted an important restriction from the RFC (Dkt. 15, p. 2). Drs. Gardner and Nelson opined that plaintiff had the capacity to perform simple, repetitive tasks in a predictable work environment, without high-paced production quotas (AR. 835, 851-2). The ALJ did not include the prohibition on high-paced production quotas in the RFC, nor in the hypotheticals to the vocational expert at the hearing (AR. 724, 788-92). The vocational expert then specified representative jobs of production line solderer and marker without discussion of pace or production quotas (AR. 789).

The ALJ's failure to correctly incorporate Drs. Nelson and Gardner's opinion into the RFC and hypotheticals resulted in a disability determination that is not supported by substantial evidence. *See Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012). Additional proceedings are necessary to reconsider the medical evidence and determine the correct RFC. It is the job of the ALJ, not this Court, to consider how plaintiff's impairments affect the formulation of the RFC. *Dominguez, supra*, 2015 WL 8600040, at *5 12. 20 C.F.R. § 416.927(d)(2).

Furthermore, the record includes conflicting information from various sources. For example, examining psychologist, Jennifer Palermo, Ph.D. conducted a mental status exam revealing remote and recent memory impairment (AR. 1142-44). She opined that plaintiff was capable of at least simple repetitive tasks in the workplace, and "likely some

detailed and complex tasks as well" (AR. 1144). Rodger Meinz, Ph.d. examined plaintiff, finding intact memory and normal concentration (AR. 1163). He believed that she would have variations in her ability to function when experiencing high pain, but also stated that she "[c]an understand simple and complex instructions" (AR. 1162). These assessments both differ from those provided by Drs. Nelson and Gardner, who limited plaintiff to only simple, repetitive tasks (AR. 835, 851-2). Conflict is evident even in a brief evaluation of the medical evidence.

This conflicting evidence raises a need for ALJ proceedings and not a determination by this Court. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

Additionally, "the record as a whole creates serious doubt that [plaintiff] is, in fact, disabled." *Garrison, supra*, 759 F.3d at 1021. Plaintiff's history of dishonest reporting about her substance abuse raises questions about her general credibility. The record suggests a lengthy history of substance abuse and treatment as early as 2002 (AR. 1141). However, on January 9, 2009, plaintiff told a medical provider that she consumed eight alcoholic drinks per week and had never had a problem with drug or alcohol abuse (AR 320). Only a month later plaintiff gave significantly conflicting information to Dr.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 6

Daniel Pham, to whom she reported a long history of cocaine and alcohol abuse and outpatient alcohol treatment beginning January 15, 2009 (AR. 303). Another story emerged in January 2010 when plaintiff admitted to three stints in treatment for alcohol and cocaine dependence and claimed she had been clean and sober since October (AR 405). Plaintiff again provided a different time frame for her sobriety in September 2013. She told Dr. Palermo she had been "an active addict," using both alcohol and cocaine but her last cocaine use had been five and half years before (which would be approximately early 2008) (AR. 1141). Plaintiff's account of her substance abuse history has varied widely over the years and raises significant questions about her credibility and ability to testify reliably about her impairments. Nonetheless, even though plaintiff's accounts of her substance abuse were inaccurate, it does not necessarily mean that she is not disabled. This will require further evaluation.

Due to conflicts in the record and serious doubt arising from plaintiff's questionable credibility, this is not the rare case requiring remand for award of benefits. Plaintiff has indisputably experienced significant delay in the resolution of her benefits claim. However, the Court cannot say that the record "leaves 'not the slightest uncertainty as to the outcome.'" *Treichler*, *supra*, 775 F.3d at 1101 (quoting *Nat'l Labor Relations Bd. v. Wymon-Gordon*, 394 U.S. 759, 766 n.6 (1969)). Therefore, the proper remedy is remand to the ALJ for further proceedings.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) to the Acting Commissioner for further proceedings. Commissioner concedes the need for new proceedings to reconsider the severity of plaintiff's impairments, credibility, lay witness evidence, other medical evidence, RFC, and ability to perform work as steps four and five (*See* Dkt. 15, p. 2).  **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 15**,** 2016, as noted in the caption.

Dated this 23rd day of December, 2015.

J. Richard Creatura
United States Magistrate Judge